IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD RAY BARROW § | | |
|    TDCJ #579954 § | | |
| v. § | | C.A. NO. C-08-222 |
| § | | |
| R. GARZA § | | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff filed a motion to proceed in forma pauperis as well as a current copy of his inmate trust fund account statement. (D.E. 17, 18).

**DISCUSSION**

Plaintiff is currently incarcerated in the McConnell Unit located in Beeville, Texas. He is a litigant who has accumulated in excess of three strikes under 28 U.S.C. § 1915(g), and is therefore, barred from proceeding in forma pauperis in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury.[1] He makes no such assertion or

---

[1] In two recent decisions, the Fifth Circuit has explained that because plaintiff has "accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal while incarcerated unless he 'is under imminent danger of serious physical injury.'" Barrow v. Moore, No. 07-40185, 2008 WL 1859819, at *1 (5th Cir. Apr. 25, 2008) (per curiam) (unpublished); Barrow v. Texas Dep't of Corr., 271 Fed. Appx. 449, 450 (5th Cir. 2008) (per curiam) (unpublished). The Fifth Circuit further explained that plaintiff received a strike in Barrow v. Texas Department of Corrections, et al., No. C-04-496, 2006 WL 2987697 (S.D. Tex. Oct. 17, 2006), and Barrow v. Swisher County, No. C-04-455 (S.D. Tex. Mar. 16, 2005). Barrow v. Moore, 2008 WL 1859819, at *1; Barrow v. Texas Dep't of Corr., 271 Fed. Appx. at 450. Moreover, plaintiff accumulated two additional strikes for these frivolous appeals. Barrow

showing in his current complaint.  See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam).

In his action, plaintiff names as defendant Mr. Garza, who is in charge of indigent supplies at the McConnell Unit law library.  (D.E. 1, at 1, 3).  Specifically, he alleges that, in May 2008, the defendant interfered with his legal mail by returning to plaintiff legal mail he addressed to the American Civil Liberties Union.  Id. at 3.  He sues defendant in his official and individual capacities.  Id. at 4.  He seeks a change in the prison policy regarding distribution of legal supplies as well as a criminal investigation in the alleged violation of his civil rights.  He provides no further information about his claims than these vague allegations.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion to proceed in forma pauperis. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing Banos, 144 F.3d at 884-85).  Nothing in his complaint indicates that he is facing a threat of imminent danger.

The Fifth Circuit has held that an inmate who has three or more strikes pursuant to § 1915(g) may not proceed in forma pauperis in any new civil actions. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Plaintiff has more than

---

v. Moore, 2008 WL 1859819, at *1; Barrow v. Texas Dep't of Corr., 271 Fed. Appx. at 450. Consequently, plaintiff has a total of at least four strikes against him pursuant to 28 U.S.C. § 1915(g).

three strikes for frivolous actions.  Accordingly, it is respectfully recommended that this action should be dismissed and that his application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).

### **RECOMMENDATION**

Plaintiff has over three strikes pursuant to § 1915(g).  Accordingly, it is respectfully recommended that his action be dismissed.  It is also respectfully recommended that his motion to proceed in forma pauperis, (D.E. 17), be denied without prejudice subject to payment of the full filing fee of $350.

Finally, it is respectfully recommended that, should the Court adopt this recommendation, the dismissal be characterized as one described by 28 U.S.C. § 1915(g), and that the Clerk be directed to provide a copy of the order of dismissal to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

Respectfully submitted this 8th day of August 2008.

  _____
  BRIAN  L. OWSLEY
  UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).